Gary M. Kaplan (State Bar No. 155530)
gkaplan@fbm.com
Michelle Kao (State Bar No. 322758)
mkao@fbm.com
Farella Braun + Martel LLP
One Bush Street, Suite 900
San Francisco, California 94104
Telephone: (415) 954-4400
Facsimile: (415) 954-4480

Attorneys for Plaintiff
FARELLA BRAUN + MARTEL LLP

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| FARELLA BRAUN + MARTEL LLP, | Case No. 3:24-cv-1306 |
| Plaintiff, | **COMPLAINT** |
| vs. | |
| FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for Silicon Valley Bank, | |
| Defendant. | |

Plaintiff Farella Braun + Martel LLP ("Plaintiff") alleges against Defendant Federal Deposit Insurance Corporation ("FDIC"), as receiver for Silicon Valley Bank ("SVB"), as follows:

**STATEMENT OF CLAIM**

1. Plaintiff brings this action pursuant to 12 U.S.C. § 1821 for judicial review of the partial disallowance by the defendant FDIC, as receiver for SVB, of the claim by Plaintiff for services rendered as counsel for SVB and for full allowance of Plaintiff's claim.

**PARTIES**

2. Plaintiff Farella Braun + Martel LLP is a leading Northern California law firm with its principal place of business at One Bush Street, San Francisco, California.

Farella Braun + Martel LLP
One Bush Street, Suite 900
San Francisco, California 94104
(415) 954-4400

COMPLAINT

20424\16650123.3

3. Defendant FDIC is an independent agency of the United States created by the Federal Deposit Insurance Act (the "FDI Act"), 12 U.S.C. §§ 1811 et seq., and related laws and regulations. The FDIC acts, from time-to-time and among other things, as a receiver for banking institutions. Plaintiff brings this action against the FDIC solely in its capacity as receiver for SVB.

4. SVB was the largest regional commercial bank in the San Francisco Bay Area with a principal place of business at 3003 Tasman Drive, Santa Clara, California, with total reported assets of $211.8 billion as of December 31, 2022. On March 10, 2023 (the "Receivership Date"), the California Department of Financial Protection and Innovation shut down SVB and the FDIC was appointed as receiver for SVB.

## JURISDICTION AND VENUE

5. This action arises under the FDI Act, 12 U.S.C. §§ 1811 et seq., as amended. The claims raised herein include, without limitation, judicial review of the FDIC's partial rejection, pursuant to 12 U.S.C. § 1821(d)(6), of Plaintiff's proof of claim dated July 6, 2023 (the "Proof of Claim") by virtue of the FDIC's notice of determination dated January 5, 2024 (the "Notice of Partial Allowance") with respect to the Proof of Claim. The statutorily prescribed proper forum for jurisdiction and venue for such judicial review includes "the district or territorial court of the United States for the district within which the depository institution's principal place of business is located . . . ." 12 U.S.C. § 1821(d)(6)(A)(ii). SVB's principal place of business, Santa Clara, California, is located within this district.

6. This Court has jurisdiction over the subject matter of this action pursuant to 12 U.S.C. §§ 1819(b)(2)(A), 1821(d)(6) and 28 U.S.C. § 1331.

7. Venue is proper in this Court pursuant to 12 U.S.C. § 1821(d)(6) and 28 U.S.C. § 1391(e).

## STATUTORY FRAMEWORK

8. The FDIC is appointed receiver for financial institutions pursuant to 12 U.S.C. § 1821(c).

9. Pursuant to 12 U.S.C. § 1821(d)(2)(A), the FDIC succeeds to title to the books, records, and assets of a financial institution when it is appointed receiver.

10. In accordance with 12 U.S.C. § 1821(d)(5)(B), the receiver shall allow any timely claim which is proved to the satisfaction of the receiver.

11. Disallowance of a claim is final agency action. Judicial review of the disallowance of a claim is provided pursuant to 12 U.S.C. § 1821(d)(6).

## FACTS AND BACKGROUND

12. SVB was a financial institution that had retained Plaintiff to conduct legal services regarding various transactional matters.

13. As part of this engagement, Plaintiff agreed to perform certain services at a flat fee, which reflected a discount to its regular hourly rates. As such, invoices provided to SVB regarding those flat fee services did not contain detailed time entries, billed hours, or billing rates, in contrast to the rest of Plaintiff's invoices that were not subject to a reduced flat fee agreement, and contained detailed time entries, billed hours and billing rates.

14. SVB never objected to any of Plaintiff's invoices that are included in the Proof of Claim.

15. As of March 10, 2023, SVB had failed to pay 17 outstanding invoices totaling $211,025.72 dating from September 2022 to June 2023, which are listed on Exhibit A.

16. The FDIC stated on its website that claims in the SVB receivership must be filed on or before July 10, 2023.

17. On July 6, 2023, Plaintiff timely filed a Proof of Claim with the FDIC pursuant to 12 U.S.C. § 1821(d). The Proof of Claim asserted a claim for fees and expenses for legal services in the total amount of $211,025.72. The Proof of Claim is incorporated herein by reference and attached hereto as Exhibit B.

18. Pursuant to its January 5, 2024 Notice of Partial Allowance (incorporated herein by reference and attached hereto as Exhibit C), the FDIC partially allowed Plaintiff's Proof of Claim in the amount of $162,193.97 and partially disallowed the remaining $48,831.75 of Plaintiff's Proof of Claim, stating that it was "[n]ot proven to the satisfaction of the Receiver."

19. More specifically, the disallowed claims encompass nine invoices as follows:

| Invoice No. | Date | Total Due |
|---|---|---|
| 379447 | September 28, 2022 | $3,750.00 |
| 381629 | November 30, 2022 | $3,665.45 |
| 382552 | December 20, 2022 | $5,247.80 |
| 382840 | December 28, 2022 | $6,268.50 |
| 384203 | February 7, 2023 | $2,500.00 |
| 384616 | February 15, 2023 | $19,500.00 |
| 386545 | April 13, 2023 | $3,500.00 |
| 389082 | June 19, 2023 | $900.00 |
| 389597 | June 28, 2023 | $3,500.00 |
| | **Total** | **$48,831.75** |

20.     In the Notice of Partial Allowance, the FDIC preemptively stated it would not agree to an administrative review of the partially disallowed Proof of Claim, stating, "While section 1821(d)(7)(A) of Title 12 of the United States Code provides that you may request an administrative review of the disallowance of your claim in lieu of filing or continuing any lawsuit, the FDIC must agree to your request for such a review.  The FDIC will not agree to any request for an administrative review of the disallowed portion of your claim."  Accordingly, Plaintiff has exhausted all administrative remedies and now seeks relief in this Court through this complaint.

21.     Pursuant to 12 U.S.C. § 1821(d)(6)(A), the FDIC's Notice of Partial Allowance triggered Plaintiff's right to "file suit on such claim in the district or territorial court of the United States for the district within which the depository institution's principal place of business is located" within 60 days thereafter.

22.     In an attempt to resolve the FDIC's partial disallowance of Plaintiff's Proof of Claim without resorting to litigation, Plaintiff's counsel Gary Kaplan emailed the FDIC on January 11, 2024, requesting further explanation for the FDIC's disallowance of $48,831.75 of the Proof of Claim.  On January 16, 2024, the FDIC responded, stating that "some of the invoices submitted only had the total fee amount and a brief summary of the work done which totaled to $48,831.75.  Legal invoices without billing rates, billed hours, and itemized lists of work done (with dates and description of work done) are disallowed."  Mr. Kaplan responded that same day, requesting identification of the disallowed invoices, or in the alternative, for the FDIC to agree to have an administrative hearing on the claim pursuant to 12 U.S.C. §§ 1821(d)(6)-(7).  The FDIC

again responded that day refusing to agree to any request for an administrative review. On January 30, 2024, Mr. Kaplan responded providing the additional information sought by the FDIC to the disallowed invoices by attaching supplemental invoices with the detailed time entries, billed hours, and billing rates the FDIC asserted was missing from the original invoices. Mr. Kaplan further explained that the original invoices reflected SVB's and Plaintiff's agreement to perform particular services at a reduced flat fee, such that the details requested by the FDIC were not included in the original invoices provided to SVB and the FDIC in Plaintiff's initial Proof of Claim submission. This chain of emails (without attachments) is incorporated herein by reference and attached hereto as Exhibit D. In a subsequent telephone conversation with Mr. Kaplan, the FDIC refused to change its position.

## CLAIM FOR RELIEF

23. Plaintiff incorporates by reference all prior paragraphs as if they were fully set forth herein.

24. The FDIC was appointed as a receiver for SVB on March 10, 2023 and thereupon assumed liability for claims against this entity.

25. Plaintiff has a legitimate claim against SVB and is entitled to collect accounts receivable for legal services due, and thus the FDIC, in its capacity as receiver for SVB, is liable for the claim amount, and as such the partial disallowance in the Notice of Partial Allowance was erroneous, arbitrary, and capricious.

26. Plaintiff seeks a declaratory judgment declaring the extent to which the FDIC is liable to Plaintiff with respect to the Proof of Claims.

**WHEREFORE**, Plaintiff respectfully requests that the Court enter judgment in favor of Plaintiff and against the FDIC, in its capacity as receiver for SVB:

(A) Adjudicating and determining under 12 U.S.C. § 1821(d)(6) that Plaintiff has a valid claim against SVB in the FDIC receivership proceeding in the amount set forth in the Proof of Claim, or such other amount as the Court determines;

(B) Awarding applicable pre- and post-judgment interest, cost of suit, and attorneys' fees;

     (C)    Reversing the partial disallowance of Plaintiff's Proof of Claim pursuant to the Notice of Partial Allowance; and

     (D)    granting such other and further relief as is just and proper.

Dated: March 4, 2024

Respectfully submitted,

FARELLA BRAUN + MARTEL LLP

By: *Gary Kaplan* (signature)
Gary M. Kaplan

Attorneys for Plaintiff
FARELLA BRAUN + MARTEL LLP